Our inquiry into Florence's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks omitted). We review a § 1915 dismissal as frivolous for an abuse of discretion. *See Norton v. Dimazana,* 122 F.3d 286, 291 (5th Cir. 1997).

Florence argues that he was denied his First Amendment right to access to the courts. His argument fails, however, because he does not challenge the district court's correct finding that he had not established that he was prevented from filing a claim in a court. *See Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir.1993); *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987). He also has abandoned any challenge to the district court's determination that his retaliation claim had been raised in another action. *See Brinkmann,* 813 F.2d at 748. Florence has not sufficiently briefed his assertion that the district court was biased. *Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993).

Florence's arguments that his due process rights were violated in connection with his disciplinary hearing fail because the punishment he received, a reduction in line classification status, does not trigger due process protections. *See Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Malchi v. Thaler,* 211 F.3d 953, 959 (5th Cir.2000). Florence's claim that his constitutional rights were violated in connection with the processing of his grievances seeking to overturn his disciplinary conviction is similarly unavailing. *See Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir.2005).; *see also Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 137–38, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, J., concurring).

Florence has not shown that the district court's determination, that his appeal is frivolous, is incorrect. Accordingly, his request for IFP status is denied. *See Baugh,* 117 F.3d at 202 n. 24. All other outstanding motions in this case are also denied. Because the appeal is frivolous, it is dismissed. 5TH CIR. R. 42.2.

The district court's dismissal of the complaint and this court's dismissal of the appeal count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Florence has at least two previous strikes. *See Florence v. Deel,* 252 Fed.Appx. 697, 697–98 (5th Cir.2007). Because he has accumulated three strikes, Florence is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP MOTION, ALL OUTSTANDING MOTIONS DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.

The VERIZON EMPLOYEE BENEFITS COMMITTEE, Plaintiff—Appellant–Cross–Appellee

v.

Michael FRAWLEY, Defendant—Appellee–Cross–Appellant.

Nos. 08–10193, 08–10540.

United States Court of Appeals, Fifth Circuit.

June 17, 2009.

Christopher Louis Kurzner, Kurzner PC, Dallas, TX, for Plaintiff–Appellant–Cross–Appellee.

Richard A. Smith, Lynn, Tillotson & Pinker, Dallas, TX, Maria E. Lisi–Murray, Levene Gouldin & Thompson LLP, Vestal, NY, for Defendant–Appellee–Cross–Appellant.

Helen Miller Liggett, Assistant, Federal Public Defender Federal Public Defender's Office, Northern District of Texas Lubbock, TX, for Defendant–Appellant.

Before GARZA and PRADO, Circuit Judges.*

PER CURIAM: **

AFFIRMED. *See* 5TH CIR. R. 47.6.

**UNITED STATES of America, Plaintiff–Appellee**

v.

**Demetress WILSON, also known as Dick, Defendant–Appellant.**

No. 08–10848
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

June 17, 2009.

Ann Cruce Roberts, U.S. Attorney's Office Northern District of Texas, Lubbock, TX, for Plaintiff–Appellee.

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Demetress Wilson has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Wilson has not filed a response. Our independent review of the record and counsel's brief discloses no nonfrivolous issue for appeal. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

---

* Judge HIGGINBOTHAM heard argument in this case but thereafter recused. The case is being decided by a quorum. 28 U.S.C. § 46(d).

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.